**COURT OF CHANCERY**
**OF THE**
**STATE OF DELAWARE**

KATHALEEN ST. JUDE MCCORMICK
CHANCELLOR

LEONARD L. WILLIAMS JUSTICE CENTER
500 N. KING STREET, SUITE 11400
WILMINGTON, DELAWARE 19801-3734

August 12, 2024

Thomas W. Briggs, Jr.
Tarik J. Haskins
Elizabeth A. Mullin Stoffer
Jacob M. Perrone
Morris Nichols Arsht & Tunnell LLP
1201 North Market Street
Wilmington, DE 19801

Alexandra D. Rogin
Paul S. Seward
Eckert Seamans Cherin & Mellott, LLC
222 Delaware Avenue, Suite 700
Wilmington, Delaware 19801

> Re: *L. Londell McMillan et al. v. Sharon Nelson et al.*,
> C.A. No. 2024-0016-KSJM

Dear Counsel:

This letter resolves the defendants' Rule 59(f) motion seeking clarification or, in the alternative, reargument of my July 5, 2024 Memorandum Opinion (the "Decision").[1] The defendants seek clarification on whether the Decision found that the Prince Legacy Operating Agreement (the "LLC Agreement"), dated July 25, 2022, was valid.[2] If the Decision did find that the LLC Agreement was valid, then the defendants seek reargument on that issue.[3]

Under Court of Chancery Rule 59(f), "[t]he Court will deny a motion for reargument 'unless the Court has overlooked a decision or principle of law that would have a controlling effect or the Court has misapprehended the law or the facts so that

---

[1] C.A. No. 2024-0016-KSJM, Docket ("Dkt.") 67 ("Mot.") at 1.

[2] *Id.* ¶ 19.

[3] *Id.* ¶ 20.

the outcome of the decision would be affected.'"[4]  If a motion for reargument "merely rehashes arguments already made by the parties and considered by the Court" in rendering the decision for which reargument is sought, the motion must be denied.[5] On a motion for reargument, the movant bears a "heavy burden."[6]

Motions for clarification "are essentially motions for reargument" and are governed by the same standards.[7]  A motion for reargument "may not be used to relitigate matters already fully litigated or to present arguments or evidence that could have been presented before the court entered the order from which reargument is sought."[8]

There is nothing to clarify.  The court expedited this case to resolve the question of whether the defendants validly amended the LLC Agreement.  The Decision granted summary judgment on Count I in the plaintiffs' favor, finding that the defendants' attempt to amend the LLC Agreement was invalid under the LLC Agreement's plain and unambiguous language.  The court resolved this issue expeditiously to eliminate any cloud of uncertainty hanging over Prince Legacy.

---

[4] *Nguyen v. View, Inc.*, 2017 WL 3169051, at *2 (Del. Ch. July 26, 2017) (quoting *Stein v. Orloff*, 1985 WL 21136, at *2 (Del. Ch. Sept. 26, 1985)).

[5] *Wong v. USES Hldg. Corp.*, 2016 WL 1436594, at *1 (Del. Ch. Apr. 5, 2016) (citation omitted).

[6] *In re ML/EQ Real Est. P'ship Litig.*, 2000 WL 364188, at *1 (Del. Ch. Mar. 22, 2000).

[7] *Preferred Invs., Inc. v. T & H Bail Bonds*, 2013 WL 6123176, at *2 n.6 (Del. Ch. Nov. 21, 2013) (citations omitted), *aff'd*, 108 A.3d 1225 (Del. 2015) (TABLE).

[8] *Standard Gen. Master Fund L.P. v. Majeske*, 2018 WL 6505987, at *1 (Del. Ch. Dec. 11, 2018) (citation omitted).

Here is the wrinkle—the defendants did not answer the complaint before the court issued the Decision. They could have. Nothing prevented them from doing so. They strategically chose not to in order to position themselves to undermine the court's efforts to provide certainty if they did not like the Decision. That is what they appear to be doing. On August 6, 2024, the parties stipulated to allow the defendants to answer the complaint ten days after this decision. So, the defendants may continue down this path and assert their affirmative defenses. Before this litigation goes any further, however, the plaintiffs shall have leave to raise any arguments challenging the merits of those defenses and their effect, if any, on the Decision. That said, I will not hesitate to shift fees in the plaintiffs' favor if warranted.

IT IS SO ORDERED.

Sincerely,

*/s/ Kathaleen St. Jude McCormick*

Chancellor

cc:     All counsel of record (by *File & ServeXpress*)